UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────

№ 24-CV-1150 (RER) (VMS)
───────────────────

PELEUS INSURANCE COMPANY

VERSUS

HP BUILDING MANAGEMENT INC.
───────────────────

**MEMORANDUM & ORDER**
───────────────────

**RAMÓN E. REYES, JR., District Judge:**

On August 15, 2025, the Honorable Vera M. Scanlon, U.S. Magistrate Judge, issued a Report and Recommendation ("R&R") recommending that Peleus Insurance Company's ("Plaintiff" or "Peleus") motion for default judgment and attorney's fees against HP Building Management Inc. ("Defendant" or "HP") be granted in part and denied in part. (ECF No. 16 ("R&R")). Plaintiff timely filed an objection to the R&R. (ECF No. 18 ("Obj.")). Defendant neither objected to the R&R nor responded to Plaintiff's objection.

For the reasons set forth below, Peleus's objection is sustained, the thorough and well-reasoned R&R is adopted as modified below, and Peleus's motion for default and requests for declaratory judgment are granted.

**BACKGROUND**

Familiarity with the facts and procedural history is presumed from Judge Scanlon's R&R. On February 14, 2024, Peleus filed this declaratory judgment action requesting a determination of the rights and obligations of the parties under an insurance policy issued by Peleus to Defendant, and seeking "a declaration that Peleus has no obligation to

defend or indemnify HP Building" in the underlying lawsuit *Ivan Castillo Urena v. BSD Warwick 28 LLC & HP Building Management Inc.*, Index No. 702047/2022 (N.Y. Sup. Ct. Qns. Cnty.) ("State Lawsuit") in Queens County Superior Court. (ECF No. 1 ("Comp." at 1–2). Defendant did not appear, and Plaintiff obtained an entry of default on August 29, 2024. (ECF No. 13). Plaintiff then moved for default judgment and attorney's fees. (ECF Nos. 15 ("Mot."), 15-10 ("Pl.'s Mem") at 14. On October 10, 2024, this Court referred Plaintiff's motion to Judge Scanlon for a report and recommendation. (Order dated 10/10/24).

Judge Scanlon recommended that this Court (1) enter a declaratory judgment that plaintiff has no duty to defend HP in the State Lawsuit; (2) deny without prejudice Plaintiff's motion for a declaratory judgment that it has no duty to indemnify HP in the State Lawsuit because the Court lacked information, "based only on the complaint" in the State Lawsuit, to assess the practical likelihood of judgment against Defendant; (3) deny all other requests for relief; and (4) order Plaintiff to show cause within 21 days of the adoption of this R&R as to why Plaintiff's duty-to-indemnify claim should not be dismissed without prejudice for lack of subject matter jurisdiction. (R&R at 1, 9).

On September 5, 2025, Plaintiff objected to the R&R, contending that the duty to indemnify at issue here "is dependent on the application of a policy exclusion that the R&R held is clear and unambiguous," and the application of that exclusion is not based on factual issues relevant to the underlying action.[1] (Obj. at 2–11).

---

[1] Colony Insurance Company, successor by merger to Peleus, objected to the R&R. Obj. at 1. For clarity and continuity, the Order continues to refer to Plaintiff as Peleus throughout.

2

## **LEGAL STANDARD**

When a party objects to an R&R, a district judge must make a *de novo* determination with respect to those portions of the R&R to which the party objects. *See*, Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *See also, United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "If a party makes only conclusory or general objections, or simply relitigates his original arguments, the Court reviews the [R&R] only for clear error." *Antrobus v. N.Y.C. Dep't of Sanitation*, No. 11-CV-5434 (CBA) (LB), 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted). On the other hand, the Second Circuit has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (citation omitted). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, No. 15-CV-517 (NGG) (RER), 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016).

When there is no objection "to a magistrate judge's recommendation, [it] is reviewed, at most, for 'clear error.'" *Barrera v. F & A Rest. Corp.*, No. 19-CV-2747 (RPK) (CLP), 2021 WL 2138875, at *1 (E.D.N.Y. May 25, 2021) (citing Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")). After its review, the district court then may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## **DISCUSSION**

As to the R&R's conclusions not objected to by Plaintiff, the Court finds no clear error. Under the terms of the relevant insurance policy, Defendant's contractor agreement with BPM (the co-defendant in the State Lawsuit) had to satisfy necessary preconditions for Plaintiff to provide coverage to defend and indemnify HP in the event of a lawsuit. (R&R at 16–17). These conditions required the inclusion of specific contract terms in any contractor agreement between Defendant and third parties. The R&R correctly concluded that Defendant's contract with BPM did not include those necessary contract terms. Thus, the R&R's recommendation that a declaratory judgment be entered that Plaintiff has no duty to defend Defendant in the State Lawsuit is adopted.

However, Plaintiff's only objection as to the R&R's recommendation on its duty to indemnify, is sustained. Judge Scanlon correctly distinguished "between the duty to defend and the duty to indemnify in determining whether each issue posed in a declaratory judgment action is ripe for adjudication, because the duties are usually triggered by different conditions." *Lafarge Canada Inc. v. American Home Assurance Company*, No. 15-CV-8957 (RA), 2018 WL 1634135, *4 (S.D.N.Y. Sept. 23, 2020); (R&R at 7–8). Courts may, as the R&R recommended here, "issue a declaratory judgment on the duty to defend, while holding that the duty to indemnify is not ripe for adjudication." *Atlantic Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F.Supp.2d 243, 261 (S.D.N.Y. 2013). "However, there is no per se rule . . . that all declaratory judgment actions brought to establish a duty to indemnify are premature during the pendency of an underlying action." *Argonaut Insurance Co. v. Town of Greenburgh, New York*, No. 19-CV-9100 (KMK), 2020 WL 5659469, *10 (S.D.N.Y. Sept. 23, 2020) (quoting *Atlantic Cas. Ins.*, 918

4

F. Supp.2d at 261). Accordingly, where "a decision on the duty to defend . . . produce[s] a definite answer with respect to the duty to indemnify," or where "questions about insurance coverage . . . can be separated from the issues of liability and causation that are being litigated in the underlying lawsuit," courts may declare that an insurer has no duty to indemnify. *Atlantic Cas. Ins.*, 918 F. Supp.2d at 261.

Here, the Court sees no reason to delay decision on Plaintiff's request for declaratory judgment as to its duty not to indemnify Defendant. As the R&R's analysis of the insurance policy demonstrates, the policy unambiguously states that there is "no duty to defend *or indemnify*" where Defendant failed to satisfy conditions for coverage by not including specific contract terms in its contractor agreement as it did here. (ECF No. 1-6 at 92–93 ("the Policy")) (emphasis added). Here, HP's same contract failure that forecloses any duty to defend "produces a definite answer with respect to the duty to indemnify" because the same contract terms apply. *Atlantic Cas. Ins.*, 918 F. Supp.2d at 261. Further, this issue "can be separated" from the issues of liability and causation litigated in the State Lawsuit, which is a premises slip and fall case. *See id*; (R&R at 6). Peleus's lack of coverage is "the inexorable result of the Policy's clear language . . . [and] does not turn on facts to be determined in the" State Lawsuit. *Argonaut Insurance Co.*, 2020 WL 5659469 at 10. Thus, Plaintiff's request for a declaratory judgment that it does not have a duty to indemnify HP in the State Lawsuit is granted.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's objection to the R&R is sustained, the R&R is adopted, as modified in the Opinion and Order, and Plaintiff's motion for default judgment is granted. Thus, Plaintiff's request for a declaratory judgment that it does not

have a duty to defend or indemnify HP is granted. The Clerk of Court is directed to enter judgment for the Plaintiff and close the case.

SO ORDERED.

Hon. Ramón E. Reyes, Jr.  Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2025.09.29 16:50:36 -04'00'

_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: September 29, 2025
       Brooklyn, New York

6